**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fayez Daghlawi, et al., | No. CV-19-05824-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Juilin Hung, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' motion to voluntarily dismiss their Fair Credit Report Act ("FCRA") claim without prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, while retaining their other claims. (Doc. 11 at 1.) Plaintiffs assert that they recently received information that undermined their good-faith basis for bringing the federal claim. (*Id.* at 2.) The Court will grant the motion to dismiss the FCRA claim.

This case was removed from state court on December 13, 2019, "based on a federal question"—the FCRA claim. (Doc. 1 at 1.) Now that the FCRA claim has been voluntarily dismissed, the remaining claims are state-law claims.

"[A] district court has discretion to remand to state court a removed case involving pendent [state-law] claims upon a proper determination that retaining jurisdiction over the case would be inappropriate." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). "The discretion to remand enables district courts to deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and

comity which underlie the pendent jurisdiction doctrine." *Id.* "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* at 350 n.7; *see also* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a [pendent state-law claim] if . . . the district court has dismissed all claims over which it has original jurisdiction.").

The Court has considered the factors and finds that they favor remand. This case has been pending before the Court for only one month, and the Court's involvement with this case has been limited to granting a motion for a one-day extension of time to file the state-court record (Doc. 9) and filing two standard orders, the Court's preliminary order (Doc. 8) and order requiring the parties to file a Rule 26(f) report (Doc. 10). The Maricopa County Superior Court is as convenient a forum as this Court, as the parties and their counsel are located in and around Phoenix. (Doc. 1-3 at 1; Doc. 1 at 1.) Most important, considerations of federalism and comity are best served by allowing the Arizona state courts to address state-law claims. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."); *see also Roundtree v. Atl. Dev. & Inv.,* 2009 WL 2132697, *1-3 (D. Ariz. 2009) (dismissing federal claim and then declining to exercise supplemental jurisdiction over remaining state-law claims: "The Court is mindful that the exercise of supplemental jurisdiction may serve the values of judicial economy and convenience . . . but these values are outweighed by the interests of comity and federalism."); *Floyd v. Watkins*, 2015 WL 5056036, *6 (D. Or. 2015) ("The Court closely examined the sole federal law claim [under § 1983] and resolved it in favor of Officer Watkins. State court is a convenient forum for the parties, and declining to exercise supplemental jurisdiction respects the values of federalism and comity.").

There is nothing unusual about this case that would tilt the balance of factors toward

retaining jurisdiction. *Carnegie-Mellon Univ.*, 484 U.S. at 357; *see also Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) (proper to decline to exercise jurisdiction where the case is not "in any way unusual"). Therefore, for reasons of comity as well as judicial economy, convenience, and fairness, the Court will decline to exercise jurisdiction over the pendant state-law claims and will remand this matter to the state court.

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion to voluntarily dismiss their FCRA claim without prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, while retaining their other claims (Doc. 11) is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **remand** this case to the Maricopa County Superior Court and then **terminate** this action.

**IT IS FURTHER ORDERED** that the consent motion for extension of time (Doc. 12) is **denied** as moot.

Dated this 14th day of January, 2020.

Dominic W. Lanza
United States District Judge